[Civ. No. 2583.    Fourth Dist.—May 20, 1941.]

N. C. HOUZE, as Administrator, etc., Plaintiff and Respondent, v. JOHN J. KOVACEVICH et al., Appellants; STATE COMPENSATION INSURANCE FUND, Intervener and Respondent.

Calvin H. Conron, Jr., Iener W. Nielsen, Harold V. Thompson and Karl Lynn Davis for Appellants.

Brittan & Mack and Kendall & Howell for Plaintiff and Respondent.

BARNARD, P. J.—This is an action for wrongful death arising from the same accident or collision which was involved in the case of *Albania* v. *Kovacevich, ante,* p. 925 [113 Pac. (2d) 251], this day decided. A complaint in intervention was filed by the State Compensation Insurance Fund based upon a claim of subrogation. No point is raised in connection therewith and no further reference thereto is necessary.

Regino Riray died as the result of injuries he received in the accident above referred to. He was riding upon the trailer upon which some of the plaintiffs in the other action

were riding, being seated upon the left side of that trailer with his legs hanging over the edge thereof. The essential facts in the two cases are the same, with the exception that the appellants here contend that there was no evidence in this case to the effect that the cab and trailer driven by Kohut actually struck the other truck and trailer, although it is conceded that it did strike the protruding legs and feet of eleven men who were riding upon the other truck and trailer. In the instant case, another occupant of the trailer upon which the deceased was riding testified, in response to a question as to what was the first sign of the accident which came to his attention: "Well, it was so sudden I just noticed we had already been hit". This witness had been standing in the middle of that trailer and he testified that "the jolt was not strong enough" to make him lose his balance. Probably the evidence is sufficient to justify the inference that the two sets of vehicles came into contact but the matter is not of sufficient importance to warrant further consideration.

This action was tried before a jury and this appeal is from the judgment which was entered pursuant to the verdict. The appellants contend that the court erred in submitting the case to the jury because all of the evidence conclusively shows that the deceased was guilty of contributory negligence as a matter of law. This contention has been sufficiently considered in the case of *Albania* v. *Kovacevich,* and the same is herewith held without merit for the reasons given in, and upon the authority of, that case.

No questions are here raised with respect to the instructions which were given to the jury, and the only other point which is raised requires no consideration in view of our holding on the main proposition advanced by the appellants.

The judgment is affirmed.

Marks, J., and Griffin, J., concurred.